UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO ZARATE FLORES, individually and d/b/a Cabo Wabo Grill 2,<br><br>Defendant. | Case No.: 3:20-cv-0802-BEN-RBB<br><br>**ORDER GRANTING-IN-PART MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>**[ECF No. 14]** |

Plaintiff G&G Closed Circuit Events, LLC ("G&G") brought this action against Defendant Fernando Zarate Flores ("Defendant"), individually and doing business as Cabo Wabo Grill 2, alleging violations of 47 U.S.C. § 605 ("Section 605"), 47 U.S.C. § 553, and the California Business and Professions Code section 17200, *et seq.*, as well as a claim for conversion. *See* Compl., ECF No. 1. Defendant did not respond to the complaint and has not registered any appearances in this case. On May 6, 2021, the Court granted G&G's motion for default judgment on its Section 605 and conversion claims. Order, ECF No. 13. G&G now moves for attorney's fees and costs. Mot., ECF No. 14. As set forth below, the motion is **GRANTED-IN-PART**.

**I.   BACKGROUND**

This case is one of several cases alleging restaurant proprietors pirated the closed-

circuit broadcast of the Saul 'Canelo' Alvarez v. Daniel Jacobs WBA/WBC/IBF Middleweight Championship Fight Program that occurred on May 4, 2019 (the "Program"). *See e.g., G&G Closed Circuit Events, LLC v. Parker*, Case No. 20-cv-0801-BEN-RBB; *G&G Closed Circuit Events, LLC v. De La Ree Castillo*, Case No. 20-cv-0803-BEN-AGS; *G&G Closed Circuit Events, LLC v. Zarazua*, Case No. 20-cv-0816-LAB-MSB. In each case, G&G alleges the restaurant proprietor impermissibly broadcast the Program, for which G&G owned distribution rights, without a license. This Court previously awarded attorney's fees and costs (in-part) in one of those cases. *See Parker*, Case No. 20-cv-0801-BEN-RBB, 2021 WL 164998 (S.D. Cal. Jan. 19, 2021). The analysis here draws from the Court's previous opinion as the requests are substantially similar.

## II. LEGAL STANDARD

A party may file a motion for attorney's fees within fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d). A motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(ii)-(iii).

"To determine the amount of a reasonable fee, district courts typically proceed in two steps: first, courts generally apply the lodestar method to determine what constitutes a reasonable attorney fee; and second, the district court may then adjust the lodestar upward or downward based on a variety of factors, including the degree of success obtained by the plaintiffs." *Bravo v. City of Santa Maria*, 810 F.3d 659, 665-66 (9th Cir. 2016). The Supreme Court has indicated that the degree of success obtained is "'the most critical factor' in determining the reasonableness of a fee award." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983)).

The lodestar "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (internal quotations omitted) (citing *Blum v. Stenson*, 465 U.S.

886, 888 (1984)); *see also Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation omitted).

## III. ANALYSIS

G&G requests $3,256.00 in attorney's fees and $2,387.14 in costs. Mot., ECF No. 14, 9. In support, G&G argues that Section 605 mandates an award of attorney's fees and costs to an aggrieved prevailing party, and that G&G is an aggrieved prevailing party based on the Court's order granting default judgment. *Id.* at 3. G&G's counsel, Mr. Thomas Riley, also submitted a declaration "reconstruct[ing]" the billable hours for legal services purportedly rendered in this case, as well as documentation pertaining to costs incurred. Decl., ECF No. 14-1.

### A. Attorney's Fees

The Court finds that Section 605 requires it to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). It also naturally concludes that G&G is a qualifying "aggrieved party who prevails" for purposes of the statute. *See* Order, ECF No. 13; *see also G&G Closed Circuit Events, LLC. v. Flores*, Case No. 18-cv-0378-L-RBB, 2018 WL 6504118, at *1 (granting attorney's fees in a Section 605 case after finding the plaintiff was a prevailing party following default judgment). Therefore, the Court turns to the reasonableness of the claimed attorney's fees and costs.

G&G requests a total attorney's fee award of $3,256.00. Mot., ECF No. 14, 9. This represents (1) 5.85 hours worked by an administrative assistant, billed at $110.00 per hour, (2) 1.75 hours worked by G&G's counsel, Thomas Riley, billed at $550.00 per hour, and (3) 5.50 hours worked by a research attorney, billed at $300.00 per hour. Decl.,

3

ECF No. 14-1, Ex. 1. If no adjustments were made to the lodestar calculation, this amount would be reasonable to award. *See Parker*, 2021 WL 164998, at *4 (finding these rates reasonable the same counsel working on a similar case).

In *Parker*, however, this Court reduced the lodestar figure submitted by this same law firm in a Section 605 case for problematic billing practices that are also present here. *See* 2021 WL 164998, at *6-7. The Court did so because Mr. Riley double-billed amounts for tasks performed by an administrative assistant, did not track his time contemporaneously, and billed entries that were "unreasonable given the task at hand." *Id*. (citing *G & G Closed Circuit Events, LLC. V. Kim Hung Ho*, Case No. 11-cv-03096-LHK, 2012 WL 3043018, *2 (N.D. Cal. Jul. 25, 2012)). These same issues appear in this declaration, and the Court therefore reduces the lodestar as set forth below.

First, the Court reduces by 0.10 hours each of eight tasks performed by the administrative assistant that are duplicative of a task performed by Mr. Riley. *See*, Decl. ECF No. 14-1, Ex. 1. This reduces the lodestar by $80.00.

Next, the Court considers that many entries appear unreasonable given the task at hand and the fact that Mr. Riley did not track his time contemporaneously. *See* Decl., ECF No. 14-1 Ex. 1 ¶ 7 ("Billable hours for legal services rendered are *reconstructed* by way of a thorough review of the files themselves.") (emphasis added). Other courts have denied attorney's fees entirely under such circumstances, *see e.g., J&J Sports Productions, Inc. v. Brummell*, Case No. 15-cv-2601-MMA-MDD, 2016 WL 3552039, at *1 (S.D. Cal. Jun. 29, 2016), or substantially reduced the lodestar, *see e.g., Joe Hand Promotions, Inc. v. White*, Case No. C 11-01331-CW-JSC, 2011 WL 6749061, at *3 (N.D. Cal. Dec. 6, 2011) (reducing the lodestar by one-third). Given these issues with failing to conform with acceptable billing practices persist, the Court finds a twenty-five percent reduction in the lodestar appropriate here.

Accordingly, the Court awards $2,382.00 in attorney's fees.

**B. Costs**

Rule 54(d) of the Federal Rules of Civil Procedure creates a presumption favoring

4

3:20-cv-0802-BEN-RBB

an award of costs to the prevailing party. Section 605 also allows for the "recovery of full costs." 47 U.S.C. § 605(e)(3)(B)(iii). G&G's request for costs includes investigative fees, the court's filing fee, photocopy charges, and service of process costs. *See*, Decl. ECF No. 14-1, Ex. 1.

This Court has previously held that investigative costs in these cases are not recoverable, but that copying charges and the filing fee are recoverable. *See Parker*, 2021 WL 164998, at *9 (citing *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010). Here, while G&G once again argues investigative costs should be included in costs, the Court appreciates G&G's acknowledgement of its ruling in *Parker*, and this Court's position on this issue. *See* Mot., ECF No. 14, 9. As in *Parker*, the Court declines to award investigative costs incurred. This reduces G&G's costs incurred from $2,387.14 to $472.14. *See* Decl., ECF No. 14-1, Ex. 1. The remaining costs are the Court's filing fee, photocopy charges, and service of process fees. These remaining costs are awarded.

Accordingly, the Court awards $472.14 in costs.

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Attorney's Fees is **GRANTED-IN-PART**. The Court awards Plaintiff $2,382.00 in attorney's fees and $472.14 in costs.

**IT IS SO ORDERED.**

Dated: June 22, 2021

HON. ROGER T. BENITEZ
United States District Judge

5

3:20-cv-0802-BEN-RBB